KIPLING v. FENNO et al.

(Circuit Court, S. D. New York. December 26, 1900.)

INJUNCTION—RIGHTS OF AUTHOR—UNCOPYRIGHTED MATTER.

Where an author has given to the world his productions by publication without a copyright, he will not thereafter be granted an interlocutory injunction to regulate the manner in which another may group such matter on reprinting the same, and to restrain any application of the title he selected otherwise than as he used or uses it.

Motion for a Preliminary Injunction.

Augustus T. Gurletz, for the motion.
Steven H. Olin, opposed.

LACOMBE, Circuit Judge. There is no suggestion of any statutory trade-mark, and the proof falls short of establishing a common-law trade-mark in the elephant's head as an earmark of the plain-

tiff, whether as author or as editor of his various writings. Nor upon the affidavits and exhibits does there seem to be any reasonable apprehension that purchasers may be misled into buying defendant's publications supposing them to be the "Outward Bound" edition published by Scribner & Co. Questions of copyright arise on the pleadings, but upon the argument it was expressly stated by both sides that none of them were presented for consideration or decision on this motion. There remains, therefore, only the question of distribution. Many of complainant's writings are short tales or poems, requiring the grouping together of several to make up a single volume of appropriate size. He has from time to time thus grouped his tales and poems, giving to the volumes which contain such groups titles of his own selection, "Soldiers Three," "Barrack Room Ballads," and what not. Such groups, thus entitled, have been published with his authority, and, as is conceded for the purpose of this argument, without any copyright protection. Apparently he has himself from time to time made changes, as his own taste varied, in the components of the different groups, though that circumstance is probably immaterial. Baldly stated, the proposition advanced is that an author, whose mental productions, prose, verse, and title, have been given to the world by publication without copyright, so that any one is free to reprint and sell the whole or any part of them, may nevertheless regulate the manner in which such reprinted matter may be grouped and entitled, and may restrain any application of the title he selected otherwise than as he used or uses it. No authority is cited which supports any such proposition, and, in the absence of authority, the question of its adoption by the courts had better be reserved for final hearing. It would seem that the measure of relief which authors may obtain against unauthorized publication of their works must be found in the copyright statutes, which, when availed of, are an abundant protection against such publication.